1   LOREN H. BROWN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone:  (212) 335-4500
    Facsimile:  (212) 335-4501
4   loren.brown@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054
    sgordon@gordonrees.com
9
10  MICHAEL C. ZELLERS (SBN: 146904)
    TUCKER ELLIS & WEST LLP
11  515 South Flower Street, Suite 4200
    Los Angeles, CA 90071-2223
12  Telephone:  (213) 430-3400
    Facsimile:  (213) 430-3409
13  michael.zellers@tuckerellis.com

14  Attorneys for Defendants
    PFIZER INC., PHARMACIA CORPORATION, AND
15  G.D. SEARLE LLC

16                  UNITED STATES DISTRICT COURT

17                  NORTHERN DISTRICT OF CALIFORNIA

18                     SAN FRANCISCO DIVISION

19  IN RE CELEBREX AND BEXTRA          )  MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
20  PRODUCTS LIABILITY LITIGATION      )  CASE NO. 3:08-cv-03641-CRB
    ─────────────────────────────      )
21  This document relates to           )  **PFIZER INC., PHARMACIA
                                       )  CORPORATION, AND G.D.
22  TOMAS MADRO BANDARIES,             )  SEARLE LLC'S ANSWER TO
                                       )  COMPLAINT**
23          Plaintiff,                 )
                                       )  **JURY DEMAND ENDORSED
24      vs.                            )  HEREIN**
                                       )
25  PFIZER INC., PHARMACIA CORPORATION,)
    and G.D. SEARLE, LLC,              )
26                                     )
            Defendants.                )
27  ─────────────────────────────     )

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. ("Pfizer"), Pharmacia Corporation ("Pharmacia"),

2    and G.D. Searle LLC ("Searle") (improperly captioned in Plaintiff's Complaint as "G.D. Searle,

3    LLC") (collectively "Defendants"), and file this Answer to Plaintiff's Complaint

4    ("Complaint"), and would respectfully show the Court as follows:

5    **I.**

6    **PRELIMINARY STATEMENT**

7    The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

8    Bextra® (valdecoxib) ("Bextra®"). Accordingly, this Answer can only be drafted generally.

9    Defendants may seek leave to amend this Answer when discovery reveals the specific time

10   periods in which Plaintiff was prescribed and used Bextra®.

11   **II.**

12   **ANSWER**

13   **Response to Allegations Regarding Parties**

14   1.    Defendants admit that Plaintiff brought this civil action seeking monetary damages, but

15   deny that Plaintiff is entitled to any relief or damages. Defendants admit that, during certain

16   periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States

17   to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

18   accordance with their approval by the FDA. Defendants admit that, during certain periods of

19   time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

20   co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

21   providers who are by law authorized to prescribe drugs in accordance with their approval by the

22   FDA. Defendants state that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information. Defendants state that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages,

27   and deny the remaining allegations in this paragraph of the Complaint.

28   2.    Defendants are without knowledge or information sufficient to form a belief as to the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1 truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,
2 and whether Plaintiff used Bextra®, and, therefore, deny them. Defendants deny any wrongful
3 conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining
4 allegations in this paragraph of the Complaint.

5 3.    Defendants admit that Pfizer is a Delaware corporation with its principal place of
6 business in New York. Defendants admit that, as the result of a merger in April 2003,
7 Pharmacia became a subsidiary of Pfizer. Defendants admit that, during certain periods of
8 time, Pfizer marketed and co-promoted Bextra® in the United States, including California,
9 Illinois, Mississippi, and Arizona, to be prescribed by healthcare providers who are by law
10 authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state
11 that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.
12 Defendants are without knowledge or information to form a belief as to the truth of such
13 allegations, and, therefore, deny them. Defendants deny the remaining allegations in this
14 paragraph of the Complaint.

15 4.    Defendants admit that Searle is a Delaware limited liability company with its principal
16 place of business in Illinois. Defendants admit that Pharmacia acquired Searle in 2000 and that,
17 as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.
18 Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged
19 for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the
20 United States to be prescribed by healthcare providers who are by law authorized to prescribe
21 drugs in accordance with their approval by the FDA. Defendants deny the remaining
22 allegations in this paragraph of the Complaint.

23 5.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of
24 business in New Jersey. Defendants admit that, during certain periods of time, Pharmacia
25 marketed and co-promoted Bextra® in the United States, including California, Illinois,
26 Mississippi, and Arizona, to be prescribed by healthcare providers who are by law authorized to
27 prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiff's
28 allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1   without knowledge or information to form a belief as to the truth of such allegations, and,

2   therefore, deny them.  Defendants deny the remaining allegations in this Paragraph of the

3   Complaint.

4   **Response to Allegations Regarding Jurisdiction and Venue**

5   6.      Defendants are without knowledge or information to form a belief as to the truth of the

6   allegations in this paragraph of the Complaint regarding the amount in controversy, and,

7   therefore, deny them.  However, Defendants admit that Plaintiff claims that the amount in

8   controversy exceeds $75,000, exclusive of interests and costs.

9   7.      Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and

11  the amount in controversy, and, therefore, deny them.  However, Defendants admit that Plaintiff

12  claims that the parties are diverse and that the amount in controversy exceeds $75,000,

13  exclusive of interests and costs.

14  8.      Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding the judicial district in

16  which the asserted claims allegedly arose, and, therefore, deny them.  Defendants deny any

17  wrongful conduct, deny committing a tort in the States of Mississippi or California, and deny

18  the remaining allegations in this paragraph of the Complaint.

19  9.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

20  and co-promoted Bextra® in the United States, including Mississippi, to be prescribed by

21  healthcare providers who are by law authorized to prescribe drugs in accordance with their

22  approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was

23  manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

24  distributed Bextra® in the United States to be prescribed by healthcare providers who are by

25  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

26  admit that they provided FDA-approved prescribing information regarding Bextra®.

27  Defendants admit that they do business in the States of California and Mississippi.  Defendants

28  state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Defendants are therefore without knowledge or information sufficient to form a belief as to the truth of these allegations, and, therefore, deny them. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

**Response to Factual Allegations**

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical condition and whether Plaintiff used Bextra®, and, therefore, deny them. Defendants deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical condition and whether Plaintiff used Bextra®, and, therefore, deny them. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical condition and whether Plaintiff used Bextra®, and, therefore, deny them. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

13.     Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

2   Bextra®, and, therefore, deny them.  Defendants admit that Bextra® was expected to reach

3   consumers without substantial change from the time of sale.  Defendants deny the remaining

4   allegations in this paragraph of the Complaint.

5   14.    Defendants are without knowledge or information sufficient to form a belief as to the

6   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

7   Bextra®, and, therefore, deny them.  Defendants state that Bextra® was and is safe and

8   effective when used in accordance with its FDA-approved prescribing information.  Defendants

9   state that the potential effects of Bextra® were and are adequately described in its FDA-

10  approved prescribing information, which was at all times adequate and comported with

11  applicable standards of care and law.  Defendants deny the remaining allegations in this

12  paragraph of the Complaint.

13  15.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-

14  steroidal anti-inflammatory drugs ("NSAIDS").  Defendants state that the allegations in this

15  paragraph of the Complaint regarding aspirin and ibuprofen are not directed toward Defendants,

16  and, therefore, no response is required.  To the extent that a response is deemed required,

17  Defendants state that Plaintiff fails to provide the proper context for the allegations in this

18  paragraph of the Complaint regarding aspirin and ibuprofen.  Defendants are therefore without

19  knowledge or information sufficient to form a belief as to the truth of these allegations, and,

20  therefore, deny the remaining allegations in this paragraph of the Complaint.

21  16.    The allegations in this paragraph of the Complaint are not directed toward Defendants,

22  and, therefore, no response is required.  To the extent that a response is deemed required,

23  Defendants state that Plaintiff fails to provide the proper context for the allegations in this

24  paragraph of the Complaint.  Defendants are therefore without knowledge or information

25  sufficient to form a belief as to the truth of these allegations, and, therefore, deny them.

26  17.    The allegations in this paragraph of the Complaint are not directed toward Defendants,

27  and, therefore, no response is required.  To the extent that a response is deemed required,

28  Defendants state that Plaintiff fails to provide the proper context for the allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

paragraph of the Complaint. Defendants are therefore without knowledge or information sufficient to form a belief as to the truth of these allegations, and, therefore, deny them.

18.    The allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required. To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants are therefore without knowledge or information sufficient to form a belief as to the truth of these allegations, and, therefore, deny them.

19.    The allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required. To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants are therefore without knowledge or information sufficient to form a belief as to the truth of these allegations, and, therefore, deny them.

20.    Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants are therefore without knowledge or information sufficient to form a belief as to the truth of these allegations, and, therefore, deny them.

21.    Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are therefore without knowledge or information sufficient to form a belief as to the truth of these allegations, and, therefore, deny them. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

22.    Plaintiff does not allege having used Celebrex® in this Complaint. Nevertheless, Defendants admit that Celebrex® was launched in the United States in February 1999. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    providers who are by law authorized to prescribe drugs in accordance with their approval by the

2    FDA.  The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not

3    directed toward Defendants, and, therefore, no response is required.    To the extent that a

4    response is deemed required, Defendants state that Plaintiff fails to provide the proper context

5    for the allegations in this paragraph of the Complaint regarding Merck and Vioxx®.

6    Defendants are therefore without knowledge or information sufficient to form a belief as to the

7    truth of these allegations, and, therefore, deny them.  Defendants deny the remaining allegations

8    in this paragraph of the Complaint.

9    23.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

10   on January 15, 2001.  Defendants admit, as indicated in the package insert approved by the

11   FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis

12   and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.

13   Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

14   ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to

15   the truth of these allegations, and, therefore, deny them.  Defendants deny the remaining

16   allegations in this paragraph of the Complaint.

17   24.    Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

18   Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

19   indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

20   arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining

21   allegations in this paragraph of the Complaint.

22   25.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

23   is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

24   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny

25   the remaining allegations in this paragraph of the Complaint.

26   26.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

27   is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

28   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    that Bextra® was and is safe and effective when used in accordance with its FDA-approved

2    prescribing information.  Defendants state that the potential effects of Bextra® were and are

3    adequately described in its FDA-approved prescribing information, which at all times was

4    adequate and comported with applicable standards of care and law.  Defendants deny the

5    remaining allegations in this paragraph of the Complaint.

6    27.    Defendants are without knowledge or information sufficient to form a belief as to the

7    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

8    Bextra®, and, therefore, deny them.  Defendants admit that, during certain periods of time,

9    Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed

10   by healthcare providers who are by law authorized to prescribe drugs in accordance with their

11   approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was

12   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

13   distributed Bextra® in the United States to be prescribed by healthcare providers who are by

14   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

15   state that Bextra® was and is safe and effective when used in accordance with its FDA-

16   approved prescribing information.  Defendants state that the potential effects of Bextra® were

17   and are adequately described in its FDA-approved prescribing information, which at all times

18   was adequate and comported with applicable standards of care and law.  Defendants state that

19   Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.

20   Defendants are without knowledge or information sufficient to form a belief as to the truth of

21   these allegations, and, therefore, deny them.  Defendants deny any wrongful conduct and deny

22   the remaining allegations in this paragraph of the Complaint.

23   28.    Defendants state that the referenced article speaks for itself and respectfully refer the

24   Court to the article for its actual language and full text.  Any attempt to characterize the article

25   is denied.  Defendants state that Bextra® was and is safe and effective when used in accordance

26   with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

27   this paragraph of the Complaint.

28   29.    The allegations in this paragraph of the Complaint are not directed toward Defendants,

1   and, therefore, no response is required.  To the extent that a response is deemed required,

2   Defendants state that the referenced article speaks for itself and respectfully refer the Court to

3   the article for its actual language and full text.  Any attempt to characterize the article is denied.

4   Defendants deny the remaining allegations in this paragraph of the Complaint.

5   30.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

6   on January 15, 2001.  Defendants admit that Bextra® was approved by the FDA, on November

7   16, 2001.  Defendants state that Bextra® was and is safe and effective when used in accordance

8   with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

9   the remaining allegations in this paragraph of the Complaint.

10  31.    Defendants state that Bextra® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information.  Defendants deny the allegations in this

12  paragraph of the Complaint.

13  32.    Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and

14  respectfully refer the Court to the Talk Paper for its actual language and full text.  Any attempt

15  to characterize the Talk Paper is denied.  Defendants deny the remaining allegations in this

16  paragraph of the Complaint.

17  33.    Defendants state that the referenced article speaks for itself and respectfully refer the

18  Court to the article for its actual language and full text.  Any attempt to characterize the article

19  is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

20  34.    Plaintiff fails to provide the proper context for the allegations in this paragraph of the

21  Complaint regarding the "post-drug approval meta-analysis study."  Defendants are therefore

22  without knowledge or information sufficient to form a belief as to the truth of these allegations,

23  and, therefore, deny them.  Defendants state that the referenced study speaks for itself and

24  respectfully refer the Court to the study for its actual language and full text.  Any attempt to

25  characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of

26  the Complaint.

27  35.    The allegations in this paragraph of the Complaint are not directed toward Defendants,

28  and, therefore, no response is required.  To the extent that a response is deemed required,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    Defendants state that the referenced article speaks for itself and respectfully refer the Court to

2    the article for its actual language and full text.  Any attempt to characterize the article is denied.

3    Defendants deny the remaining allegations in this paragraph of the Complaint.

4    36.      The allegations in this paragraph of the Complaint are not directed toward Defendants,

5    and, therefore, no response is required.  To the extent that a response is deemed required,

6    Defendants admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety

7    and Risk Management Advisory Committee was held on February 16-18, 2005.  Defendants

8    state that the referenced testimony speaks for itself and respectfully refer the Court to the

9    testimony for its actual language and full text.  Any attempt to characterize the testimony is

10   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

11   37.      Defendants state that Bextra® was and is safe and effective when used in accordance

12   with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

13   deny the remaining allegations in this paragraph of the Complaint.

14   38.      Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

15   and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

16   and full text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.

17   Defendants deny the remaining allegations in this paragraph of the Complaint.

18   39.      Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

19   and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

20   and full text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.

21   Defendants deny the remaining allegations in this paragraph of the Complaint.

22   40.      Defendants state that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants deny the allegations in this

24   paragraph of the Complaint.

25   41.      Defendants state that the referenced article speaks for itself and respectfully refer the

26   Court to the article for its actual language and full text.  Any attempt to characterize the article

27   is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

28   paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

42.    The allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and full text.  Any attempt to characterize the article is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

43.    Defendants state that the referenced PDR entry speaks for itself and respectfully refer the Court to the PDR entry for its actual language and full text.  Any attempt to characterize the PDR entry is denied.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the allegations in this paragraph of the Complaint.

44.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

45.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

46.    Defendants deny the allegations in this paragraph of the Complaint.

47.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Bextra®, and, therefore, deny them.  Defendants state that Bextra® was and is safe and

2  effective when used in accordance with its FDA-approved prescribing information.  Defendants

3  state that the potential effects of Bextra® were and are adequately described in its FDA-

4  approved prescribing information, which was at all times adequate and comported with

5  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

6  allegations in this paragraph of the Complaint.

7  48.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

8  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

9  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

10  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

11  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

12  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

13  accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

14  effective when used in accordance with its FDA-approved prescribing information.  Defendants

15  state that the potential effects of Bextra® were and are adequately described in its FDA-

16  approved prescribing information, which was at all times adequate and comported with

17  applicable standards of care and law.  Defendants deny the remaining allegations in this

18  paragraph of the Complaint.

19  49.     Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

20  is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

21  rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

22  that Bextra® was and is safe and effective when used in accordance with its FDA-approved

23  prescribing information.  Defendants state that the potential effects of Bextra® were and are

24  adequately described in its FDA-approved prescribing information, which was at all times

25  adequate and comported with applicable standards of care and law.  Defendants deny the

26  remaining allegations in this paragraph of the Complaint.

27  50.     Defendants state that Bextra® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1   Bextra® were and are adequately described in its FDA-approved prescribing information,

2   which at all times was adequate and comported with applicable standards of care and law.

3   Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

4   ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to

5   the truth of these allegations, and, therefore, deny them.  Defendants deny any wrongful

6   conduct, deny that Bextra® is defective, and deny the allegations in this paragraph of the

7   Complaint.

8   51.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

9   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

10  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

11  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

12  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

13  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

14  accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

15  effective when used in accordance with its FDA-approved prescribing information.  Defendants

16  state that the potential effects of Bextra® were and are adequately described in its FDA-

17  approved prescribing information, which was at all times adequate and comported with

18  applicable standards of care and law.  Defendants deny the remaining allegations in this

19  paragraph of the Complaint.

20  52.    Defendants state that Bextra® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information.  Defendants state that the potential effects of

22  Bextra® were and are adequately described in its FDA-approved prescribing information,

23  which at all times was adequate and comported with applicable standards of care and law.

24  Defendants deny the remaining allegations in this paragraph of the Complaint.

25  53.    Defendants state that Bextra® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information.  Defendants state that the potential effects of

27  Bextra® were and are adequately described in its FDA-approved prescribing information,

28  which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2 the Complaint.

3 54.    Defendants state that Bextra® was and is safe and effective when used in accordance

4 with its FDA-approved prescribing information.  Defendants state that the potential effects of

5 Bextra® were and are adequately described in its FDA-approved prescribing information,

6 which was at all times adequate and comported with applicable standards of care and law.

7 Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8 the Complaint.

9 55.    Defendants deny the allegations in this paragraph of the Complaint.

10 56.    Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market

11 as of April 7, 2005.  Defendants deny any wrongful conduct and deny the remaining allegations

12 contained in this paragraph of the Complaint.

13 57.    Defendants state that Bextra® was and is safe and effective when used in accordance

14 with its FDA-approved prescribing information.  Defendants state that the potential effects of

15 Bextra® were and are adequately described in its FDA-approved prescribing information,

16 which was at all times adequate and comported with applicable standards of care and law.

17 Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

18 allegations in this paragraph of the Complaint.

19 58.    Defendants state that Bextra® was and is safe and effective when used in accordance

20 with its FDA-approved prescribing information.  Defendants state that the potential effects of

21 Bextra® were and are adequately described in its FDA-approved prescribing information,

22 which was at all times adequate and comported with applicable standards of care and law.

23 Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

24 the Complaint.

25 59.    Defendants deny any wrongful conduct and deny the remaining allegations in this

26 paragraph of the Complaint.

27 60.    Defendants are without knowledge or information sufficient to form a belief as to the

28 truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

1    Bextra®, and, therefore, deny them.  Defendants state that Bextra® was and is safe and

2    effective when used in accordance with its FDA-approved prescribing information.  Defendants

3    state that the potential effects of Bextra® were and are adequately described in its FDA-

4    approved prescribing information, which was at all times adequate and comported with

5    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

6    remaining allegations in this paragraph of the Complaint.

7    61.    Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

9    Bextra®, and, therefore, deny them.  Defendants admit that, during certain periods of time,

10   Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed

11   by healthcare providers who are by law authorized to prescribe drugs in accordance with their

12   approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was

13   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

14   distributed Bextra® in the United States to be prescribed by healthcare providers who are by

15   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

16   deny the remaining allegations in this paragraph of the Complaint.

17   62.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

18   is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

19   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

20   that Bextra® was and is safe and effective when used in accordance with its FDA-approved

21   prescribing information.  Defendants state that the potential effects of Bextra® were and are

22   adequately described in its FDA-approved prescribing information, which was at all times

23   adequate and comported with applicable standards of care and law.  Defendants deny any

24   wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

25   63.    Defendants are without knowledge or information sufficient to form a belief as to the

26   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

27   Bextra®, and, therefore, deny them.  Defendants state that Bextra® was and is safe and

28   effective when used in accordance with its FDA-approved prescribing information. Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and, therefore, deny them.  Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Negligence**

64.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth here.

65.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached those duties.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

66.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached those duties.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

67.    Defendants state that this paragraph of the Complaint contains legal contentions to

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    which no response is required.  To the extent that a response is deemed required, Defendants

2    admit that they had duties as are imposed by law but deny having breached those duties.

3    Defendants state that Bextra® was and is safe and effective when used in accordance with its

4    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

5    were and are adequately described in its FDA-approved prescribing information, which was at

6    all times adequate and comported with applicable standards of care and law.  Defendants deny

7    any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint,

8    including all subparts.

9    68.    Defendants are without knowledge or information sufficient to form a belief as to the

10    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

11    Bextra®, and, therefore, deny them.  Defendants state that Bextra® was and is safe and

12    effective when used in accordance with its FDA-approved prescribing information.  Defendants

13    state that the potential effects of Bextra® were and are adequately described in its FDA-

14    approved prescribing information, which was at all times adequate and comported with

15    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

16    Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the

17    Complaint.

18    69.    Defendants state that Bextra® was and is safe and effective when used in accordance

19    with its FDA-approved prescribing information.  Defendants state that the potential effects of

20    Bextra® were and are adequately described in its FDA-approved prescribing information,

21    which was at all times adequate and comported with applicable standards of care and law.

22    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

23    the Complaint.

24    70.    Defendants are without knowledge or information sufficient to form a belief as to the

25    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

26    Bextra®, and, therefore, deny them.  Defendants state that Bextra® was and is safe and

27    effective when used in accordance with its FDA-approved prescribing information.  Defendants

28    state that the potential effects of Bextra® were and are adequately described in its FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   approved prescribing information, which was at all times adequate and comported with

2   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

3   Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this

4   paragraph of the Complaint.

5   71.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

6   damages, and deny the remaining allegations in this paragraph of the Complaint.

7   72.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

8   damages, and deny the remaining allegations in this paragraph of the Complaint.

9   73.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

10  damages, and deny the remaining allegations in this paragraph of the Complaint.

11  **Response to Second Cause of Action: Strict Liability**

12  74.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

13  Complaint as if fully set forth here.

14  75.    Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

16  Bextra®, and, therefore, deny them.  Defendants admit that Bextra® was expected to reach

17  consumers without substantial change in the condition from the time of sale.  Defendants admit

18  that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra®

19  in the United States to be prescribed by healthcare providers who are by law authorized to

20  prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during

21  certain periods of time, Bextra® was manufactured and packaged for Searle, which developed,

22  tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by

23  healthcare providers who are by law authorized to prescribe drugs in accordance with their

24  approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used

25  in accordance with its FDA-approved prescribing information.  Defendants state that the

26  potential effects of Bextra® were and are adequately described in its FDA-approved prescribing

27  information, which was at all times adequate and comported with applicable standards of care

28  and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   76.    Defendants state that Bextra® was and is safe and effective when used in accordance

2   with its FDA-approved prescribing information.  Defendants state that the potential effects of

3   Bextra® were and are adequately described in its FDA-approved prescribing information,

4   which was at all times adequate and comported with applicable standards of care and law.

5   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

6   the Complaint.

7   77.    Defendants state that Bextra® was and is safe and effective when used in accordance

8   with its FDA-approved prescribing information.  Defendants state that the potential effects of

9   Bextra® were and are adequately described in its FDA-approved prescribing information,

10  which was at all times adequate and comported with applicable standards of care and law.

11  Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably

12  dangerous, and deny the remaining allegations in this paragraph of the Complaint.

13  78.    Defendants state that Bextra® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information.  Defendants state that the potential effects of

15  Bextra® were and are adequately described in its FDA-approved prescribing information,

16  which was at all times adequate and comported with applicable standards of care and law.

17  Defendants deny any wrongful conduct, deny that Bextra® is unreasonably dangerous, and

18  deny the remaining allegations in this paragraph of the Complaint, including all subparts.

19  79.    Defendants state that Bextra® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Bextra® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants deny any wrongful conduct, deny that Bextra® is unreasonably dangerous, and

24  deny the remaining allegations in this paragraph of the Complaint.

25  80.    Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

27  Bextra®, and, therefore, deny them.  Defendants state that Bextra® was and is safe and

28  effective when used in accordance with its FDA-approved prescribing information.  Defendants

1   state that the potential effects of Bextra® were and are adequately described in its FDA-
2   approved prescribing information, which was at all times adequate and comported with
3   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that
4   Bextra® is defective, deny that Bextra® caused Plaintiff injury or damages, and deny the
5   remaining allegations in this paragraph of the Complaint.

6   81.    Defendants state that Bextra® was and is safe and effective when used in accordance
7   with its FDA-approved prescribing information.  Defendants state that the potential effects of
8   Bextra® were and are adequately described in its FDA-approved prescribing information,
9   which was at all times adequate and comported with applicable standards of care and law.
10  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining
11  allegations in this paragraph of the Complaint.

12  82.    Defendants are without knowledge or information sufficient to form a belief as to the
13  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used
14  Bextra®, and, therefore, deny them.  Defendants state that Bextra® was and is safe and
15  effective when used in accordance with its FDA-approved prescribing information.  Defendants
16  state that the potential effects of Bextra® were and are adequately described in its FDA-
17  approved prescribing information, which was at all times adequate and comported with
18  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that
19  Bextra® is defective, deny that Bextra® caused Plaintiff injury or damages, and deny the
20  remaining allegations in this paragraph of the Complaint.

21  83.    Defendants state that Bextra® was and is safe and effective when used in accordance
22  with its FDA-approved prescribing information.  Defendants state that the potential effects of
23  Bextra® were and are adequately described in its FDA-approved prescribing information,
24  which was at all times adequate and comported with applicable standards of care and law.
25  Defendants deny the remaining allegations in this paragraph of the Complaint.

26  84.    Defendants are without knowledge or information sufficient to form a belief as to the
27  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used
28  Bextra®, and, therefore, deny them.  Defendants state that Bextra® was and is safe and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

85.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

86.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

87.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

88.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

89.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Third Cause of Action: Breach of Express Warranty**

90.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth here.

91.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Bextra®, and, therefore, deny them.  Defendants state that Bextra® was and is safe and

2   effective when used in accordance with its FDA-approved prescribing information.  Defendants

3   state that the potential effects of Bextra® were and are adequately described in its FDA-

4   approved prescribing information, which was at all times adequate and comported with

5   applicable standards of care and law.  Defendants admit that they provided FDA-approved

6   prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this

7   paragraph of the Complaint.

8   92.    Defendants are without knowledge or information sufficient to form a belief as to the

9   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

10  Bextra®, and, therefore, deny them.  Defendants state that Bextra® was and is safe and

11  effective when used in accordance with its FDA-approved prescribing information.  Defendants

12  state that the potential effects of Bextra® were and are adequately described in its FDA-

13  approved prescribing information, which was at all times adequate and comported with

14  applicable standards of care and law.  Defendants admit that they provided FDA-approved

15  prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this

16  paragraph of the Complaint, including all subparts.

17  93.    Defendants deny the allegations in this paragraph of the Complaint.

18  94.    Defendants state that Bextra® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendants state that the potential effects of

20  Bextra® were and are adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendants admit that they provided FDA-approved prescribing information regarding

23  Bextra®.  Defendants deny any wrongful conduct and deny the remaining allegations in this

24  paragraph of the Complaint.

25  95.    Defendants state that Bextra® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information.  Defendants state that the potential effects of

27  Bextra® were and are adequately described in its FDA-approved prescribing information,

28  which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Defendants admit that they provided FDA-approved prescribing information regarding

2  Bextra®. Defendants deny any wrongful conduct and deny the remaining allegations in this

3  paragraph of the Complaint.

4  96.    Defendants are without knowledge or information sufficient to form a belief as to the

5  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

6  Bextra®, and, therefore, deny them. Defendants admit that they provided FDA-approved

7  prescribing information regarding Bextra®. Defendants deny the remaining allegations in this

8  paragraph of the Complaint.

9  97.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

10  damages, and deny the remaining allegations in this paragraph of the Complaint.

11  98.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

12  damages, and deny the remaining allegations in this paragraph of the Complaint.

13  99.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

14  damages, and deny the remaining allegations in this paragraph of the Complaint.

15  **Response to Fourth Cause of Action: Breach of Implied Warranty**

16  100.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

17  Complaint as if fully set forth here.

18  101.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

19  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

20  by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

21  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

22  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

23  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

24  accordance with their approval by the FDA. Defendants deny the remaining allegations in this

25  paragraph of the Complaint.

26  102.    Defendants admit that they provided FDA-approved prescribing information regarding

27  Bextra®. Defendants state that Bextra® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information. Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

103.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny them.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

104.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny them.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

105.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny them.  Defendants state that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

106.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny them.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    107.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

2    damages, and deny the remaining allegations in this paragraph of the Complaint.

3    108.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

4    damages, and deny the remaining allegations in this paragraph of the Complaint.

5    109.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

6    damages, and deny the remaining allegations in this paragraph of the Complaint.

7    **Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

8    110.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

9    Complaint as if fully set forth here.

10    111.    Defendants state that this paragraph of the Complaint contains legal contentions to

11    which no response is deemed required.  To the extent that a response is deemed required,

12    Defendants admit that they had duties as are imposed by law but deny having breached those

13    duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

14    with its FDA-approved prescribing information.  Defendants state that the potential effects of

15    Bextra® were and are adequately described in its FDA-approved prescribing information,

16    which was at all times adequate and comported with applicable standards of care and law.

17    Defendants deny the remaining allegations in this paragraph of the Complaint.

18    112.    Defendants state that Bextra® was and is safe and effective when used in accordance

19    with its FDA-approved prescribing information.  Defendants state that the potential effects of

20    Bextra® were and are adequately described in its FDA-approved prescribing information,

21    which was at all times adequate and comported with applicable standards of care and law.

22    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

23    the Complaint, including all subparts.

24    113.    Defendants state that Bextra® was and is safe and effective when used in accordance

25    with its FDA-approved prescribing information.  Defendants state that the potential effects of

26    Bextra® were and are adequately described in its FDA-approved prescribing information,

27    which was at all times adequate and comported with applicable standards of care and law.

28    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    the Complaint.

2    114.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

4    Bextra®, and, therefore, deny them.    Defendants state that Bextra® was and is safe and

5    effective when used in accordance with its FDA-approved prescribing information.    Defendants

6    state that the potential effects of Bextra® were and are adequately described in its FDA-

7    approved prescribing information, which was at all times adequate and comported with

8    applicable standards of care and law.    Defendants deny any wrongful conduct, deny that

9    Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this

10    paragraph of the Complaint.

11    115.    Defendants state that Bextra® was and is safe and effective when used in accordance

12    with its FDA-approved prescribing information.    Defendants state that the potential effects of

13    Bextra® were and are adequately described in its FDA-approved prescribing information,

14    which was at all times adequate and comported with applicable standards of care and law.

15    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

16    the Complaint.

17    116.    Defendants state that Bextra® was and is safe and effective when used in accordance

18    with its FDA-approved prescribing information.    Defendants state that the potential effects of

19    Bextra® were and are adequately described in its FDA-approved prescribing information,

20    which was at all times adequate and comported with applicable standards of care and law.

21    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

22    the Complaint.

23    117.    Defendants are without knowledge or information sufficient to form a belief as to the

24    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

25    Bextra®, and, therefore, deny them.    Defendants state that Bextra® was and is safe and

26    effective when used in accordance with its FDA-approved prescribing information.    Defendants

27    state that the potential effects of Bextra® were and are adequately described in its FDA-

28    approved prescribing information, which was at all times adequate and comported with

1    applicable standards of care and law. Defendants deny any wrongful conduct and deny the

2    remaining allegations in this paragraph of the Complaint.

3    118.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

5    Bextra®, and, therefore, deny them. Defendants state that Bextra® was and is safe and

6    effective when used in accordance with its FDA-approved prescribing information. Defendants

7    state that the potential effects of Bextra® were and are adequately described in its FDA-

8    approved prescribing information, which was at all times adequate and comported with

9    applicable standards of care and law. Defendants deny any wrongful conduct and deny the

10   remaining allegations in this paragraph of the Complaint.

11   119.    Defendants are without knowledge or information sufficient to form a belief as to the

12   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

13   Bextra®, and, therefore, deny them. Defendants state that Bextra® was and is safe and

14   effective when used in accordance with its FDA-approved prescribing information. Defendants

15   state that the potential effects of Bextra® were and are adequately described in its FDA-

16   approved prescribing information, which was at all times adequate and comported with

17   applicable standards of care and law. Defendants deny any wrongful conduct and deny the

18   remaining allegations in this paragraph of the Complaint.

19   120.    Defendants state that Bextra® was and is safe and effective when used in accordance

20   with its FDA-approved prescribing information. Defendants state that the potential effects of

21   Bextra® were and are adequately described in its FDA-approved prescribing information,

22   which was at all times adequate and comported with applicable standards of care and law.

23   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

24   the Complaint.

25   121.    Defendants are without knowledge or information sufficient to form a belief as to the

26   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

27   Bextra®, and, therefore, deny them. Defendants state that Bextra® was and is safe and

28   effective when used in accordance with its FDA-approved prescribing information. Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  state that the potential effects of Bextra® were and are adequately described in its FDA-

2  approved prescribing information, which was at all times adequate and comported with

3  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

4  remaining allegations in this paragraph of the Complaint.

5  122.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

6  damages, and deny the remaining allegations in this paragraph of the Complaint.

7  123.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

8  damages, and deny the remaining allegations in this paragraph of the Complaint.

9  124.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

10  damages, and deny the remaining allegations in this paragraph of the Complaint.

11  **Response to Sixth Cause of Action: Unjust Enrichment**

12  125.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

13  Complaint as if fully set forth here.

14  126.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

15  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

16  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

17  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

18  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

19  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

20  accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

21  paragraph of the Complaint.

22  127.    Defendants are without knowledge or information sufficient to form a belief as to the

23  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

24  Bextra®, and, therefore, deny them.  Defendants deny the remaining allegations in this

25  paragraph of the Complaint.

26  128.    Defendants are without knowledge or information sufficient to form a belief as to the

27  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

28  Bextra®, and, therefore, deny them.  Defendants deny the remaining allegations in this

paragraph of the Complaint.

129.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny them.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

130.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny them.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

131.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

## **Response to Prayer for Relief**

132.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

133.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

134.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

135.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    damages, and deny the remaining allegations in this paragraph of the Complaint.

2    136.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

3    damages, and deny the remaining allegations in this paragraph of the Complaint.

4    137.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

5    damages, and deny the remaining allegations in this paragraph of the Complaint.

6    138.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

7    damages, and deny the remaining allegations in this paragraph of the Complaint.

8    139.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

9    damages, and deny the remaining allegations in this paragraph of the Complaint.

10                                    **III.**

11                          **GENERAL DENIAL**

12           Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's

13   Complaint that have not been previously admitted, denied, or explained.

14                                    **IV.**

15                      **AFFIRMATIVE DEFENSES**

16           Defendants reserve the right to rely upon any of the following or additional defenses to

17   claims asserted by Plaintiff to the extent that such defenses are supported by information

18   developed through discovery or evidence at trial.  Defendants affirmatively show that:

19                          **First Defense**

20   1.    The Complaint fails to state a claim upon which relief can be granted.

21                          **Second Defense**

22   2.    Bextra® is a prescription medical product.  The federal government has preempted the

23   field of law applicable to the labeling and warning of prescription medical products.

24   Defendants' labeling and warning of Bextra® was at all times in compliance with applicable

25   federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon

26   which relief can be granted; such claims, if allowed, would conflict with applicable federal law

27   and violate the Supremacy Clause of the United States Constitution.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Third Defense

3.     At all relevant times, Defendants provided proper warnings, information, and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.     At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.     Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pleaded in full bar of any liability as to Defendants.

### Sixth Defense

6.     Plaintiff's action is barred by the statute of repose.

### Seventh Defense

7.     Plaintiff's claims against Defendants are barred to the extent Plaintiff was contributorily negligent, actively negligent, or otherwise failed to mitigate Plaintiff's damages, and any recovery by Plaintiff should be diminished accordingly.

### Eighth Defense

8.     The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

### Ninth Defense

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Tenth Defense**

10.    Any injuries or expenses incurred by Plaintiff were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiff.

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiff's treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use, and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiff's causes of action are barred, in whole or in part, by the lack of a defect as the Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

1

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Sixteenth Defense**

2   16.     Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use of

3   the product Bextra® after the product left the control of Defendants and any liability of

4   Defendants is therefore barred.

5   **Seventeenth Defense**

6   17.     Plaintiff's alleged injuries/damages, if any, were not caused by any failure to warn on

7   the part of Defendants.

8   **Eighteenth Defense**

9   18.     Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent

10  conditions unrelated to Bextra®.

11  **Nineteenth Defense**

12  19.     Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the

13  doctrine of assumption of the risk bars or diminishes any recovery.

14  **Twentieth Defense**

15  20.     Plaintiff is barred from recovering against Defendants because Plaintiff's claims are

16  preempted in accordance with the Supremacy Clause of the United States Constitution and by

17  the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301, *et seq*.

18  **Twenty-first Defense**

19  21.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because

20  the subject pharmaceutical product at issue was subject to and received pre-market approval by

21  the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

22  **Twenty-second Defense**

23  22.     The manufacture, distribution, and sale of the pharmaceutical product referred to in

24  Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes,

25  and Plaintiff's causes of action are preempted.

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Twenty-third Defense**

2    23.    Plaintiff's claims are barred, in whole or in part, by the deference given to the primary

3    jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

4    issue under applicable federal laws, regulations, and rules.

5

**Twenty-fourth Defense**

6    24.    Plaintiff's claims are barred, in whole or in part, because there is no private right of

7    action concerning matters regulated by the Food and Drug Administration under applicable

8    federal laws, regulations, and rules.

9

**Twenty-fifth Defense**

10    25.    Plaintiff's claims are barred, in whole or in part, because Defendants provided adequate

11    "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

12    of Comment j to Section 402A of the Restatement (Second) of Torts.

13

**Twenty-sixth Defense**

14    26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim

15    because Bextra® is a prescription pharmaceutical drug and falls within the ambit of

16    Restatement (Second) of Torts § 402A, Comment k.

17

**Twenty-seventh Defense**

18    27.    Plaintiff's claims are barred, in whole or in part, because the subject pharmaceutical

19    product at issue "provides net benefits for a class of patients" within the meaning of Comment f

20    to § 6 of the Restatement (Third) of Torts: Products Liability.

21

**Twenty-eighth Defense**

22    28.    Plaintiff's claims are barred under § 4, *et seq.*, of the Restatement (Third) of Torts:

23    Products Liability.

24

**Twenty-ninth Defense**

25    29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts

26    sufficient under the law to justify an award of punitive damages.

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Thirtieth Defense**

30.    The imposition of punitive damages would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and Constitutions of the States of Mississippi, Arizona, and California, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution and the Constitutions of the States of Mississippi, Arizona, and California.

**Thirty-third Defense**

33.    Plaintiff's punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.    Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading, and,

1  therefore, constitute protected commercial speech under the applicable provisions of the United

2  States Constitution.

3  **Thirty-eighth Defense**

4  38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly

5  caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

6  law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

7  protections afforded by the United States Constitution, the excessive fines clause of the Eighth

8  Amendment of the United States Constitution, the Commerce Clause of the United States

9  Constitution, and the Full Faith and Credit Clause of the United States Constitution and the

10 Constitutions of the States of Mississippi, Arizona, and California.  Any law, statute, or other

11 authority purporting to permit the recovery of punitive damages in this case is unconstitutional,

12 facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally

13 sufficient standards to guide and restrain the jury's discretion in determining whether to award

14 punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide

15 adequate advance notice as to what conduct will result in punitive damages; (3)   permits

16 recovery of punitive-damages based on out-of-state conduct, conduct that complied with

17 applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff;

18 (4) permits recovery of punitive damages in an amount that is not both reasonable and

19 proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory

20 damages, if any; (5) permits jury consideration of net worth or other financial information

21 relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial

22 court in post-verdict review of any punitive damages awards; (7) lacks constitutionally

23 sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to

24 satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v.*

25 *Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443

26 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto*

27 *Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Thirty-ninth Defense**

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

**Fortieth Defense**

40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured, and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

**Forty-first Defense**

41.    If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

**Forty-second Defense**

42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

**Forty-third Defense**

43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases, or illnesses, subsequent medical conditions, or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendants' conduct.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Forty-fifth Defense

45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiff.

## Forty-sixth Defense

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendants' conduct.

## Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards, and regulations established, adopted, promulgated, or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

## Forty-eighth Defense

48.    The claims must be dismissed because Plaintiff would have taken Bextra® even if the product labeling contained the information that Plaintiff contends should have been provided.

## Forty-ninth Defense

49.    The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

## Fiftieth Defense

50.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

## Fifty-first Defense

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.  Defendants seek an adjudication of the percentage of fault of Plaintiff and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

1

**Fifty-second Defense**

2    52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the

3    common law gives deference to discretionary actions by the United States Food and Drug

4    Administration under the Federal Food, Drug, and Cosmetic Act.

5    **Fifty-third Defense**

6    53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is

7    comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

8    ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiff's

9    claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

10   FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

11   and with the specific determinations by FDA specifying the language that should be used in the

12   labeling accompanying Bextra®.    Accordingly, Plaintiff's claims are preempted by the

13   Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

14   United States.

15   **Fifty-fourth Defense**

16   54.    Plaintiff's misrepresentation, fraud, and concealment allegations are not stated with the

17   degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be

18   dismissed.

19   **Fifty-fifth Defense**

20   55.    Defendants state on information and belief that the Complaint and each purported cause

21   of action contained therein is barred by the statutes of limitations contained in California Code

22   of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation

23   as may apply.

24   **Fifty-sixth Defense**

25   56.    Defendants state on information and belief that any injuries, losses, or damages suffered

26   by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable

27   conduct of persons or entities other than Defendants.    Therefore, Plaintiff's recovery against

28   Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-seventh Defense**

57.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

**Fifty-eighth Defense**

58.     To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff's claims are barred because Defendants did not make or breach any express or implied warranties, and Plaintiff failed to give reasonable notice to Defendants of any alleged breach or breaches of warranty as required by Miss. Code Ann. § 75-2-607(3)(a).

**Fifty-ninth Defense**

59.     Any verdict or judgment rendered against Defendants must be reduced under the laws of the State of Mississippi by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiff, such as insurance, social security, worker's compensation, or employee benefits programs.  Plaintiff may have settled his claims for alleged injuries and damages with certain parties.  Defendants therefore are, in any event, entitled to a credit in the amount of any such settlement heretofore made between Plaintiff and any such parties.

**Sixtieth Defense**

60.     Plaintiff's claims for punitive damages are limited or barred by the standards governing exemplary damage awards which arise under the United States Constitution and decisions of the United States Supreme Court such as *BMW of North America v. Gore*, 116 U.S. 1589 (1996); *Cooper Industries, Inc., v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513 (U.S. 2003), or the Mississippi Constitution, statutes, and decisions of Mississippi courts.

**Sixty-first Defense**

61.     Defendants assert that Plaintiff's claim for punitive damages is governed and limited by Miss. Code Ann. § 11-1-65, and Defendants hereby plead and invoke the provisions of the same.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Sixty-second Defense**

62.    Bextra® and the Defendants' actions conformed to the state-of-the-art medical and scientific knowledge at all times relevant to this lawsuit and/or Bextra® complied with applicable product safety statutes and regulations as described in Restatement (Third) of Torts: Products Liability § 4.

**Sixty-third Defense**

63.    Defendants satisfied their duty to warn under the learned intermediary doctrine and Plaintiff's claims are therefore barred.

**Sixty-fourth Defense**

64.    Defendants hereby plead all defenses contained in Miss. Code Ann. § 11-1-63 and hereby invoke the provisions of Miss. Code Ann. § 85-5-7.

**Sixty-fifth Defense**

65.    Defendants hereby invoke the limitations and provisions of Miss. Code Ann. § 11-1-60.

**Sixty-sixth Defense**

66.    Plaintiff failed to join all indispensable parties; as a result of such failure to join, complete relief cannot be accorded to those already parties to the action and will result in prejudice to Defendants in any possible future litigation.

**Sixty-seventh Defense**

67.    Any judicially-created definitions of manufacturing defect and design defect, and standards for determining whether there has been an actionable failure to warn, are unconstitutional in that, among other things, they are void for vagueness and undue burden on interstate commerce, as well as an impermissible effort to regulate in an area that previously has been preempted by the federal government.

**Sixty-eighth Defense**

68.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious, and, therefore, any award of punitive damages is barred.

**Sixty-ninth Defense**

69.    Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring such claims.

**Seventieth Defense**

70.    Plaintiff's claims are barred in whole or in part by the affirmative defenses referenced in A.R.S. § 12-683.

**Seventy-first Defense**

71.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiff's claims.

**V.**

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiff takes nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111



1   August 13, 2008                          GORDON & REES LLP

2

3                                            By:  _____/s/_____

4                                               Stuart M. Gordon
                                                sgordon@gordonrees.com
5                                               Embarcadero Center West
                                                275 Battery Street, 20th Floor
6                                               San Francisco, CA 94111
                                                Telephone:  (415) 986-5900
7                                               Fax:  (415) 986-8054

8   August 13, 2008                          TUCKER ELLIS & WEST LLP

9

10                                           By:  _____/s/_____

11                                              Michael C. Zellers
                                                michael.zellers@tuckerellis.com
12                                              515 South Flower Street, Suite 4200
                                                Los Angeles, CA  90071-2223
13                                              Telephone:  (213) 430-3400
                                                Fax:  (213) 430-3409
14
                                                Attorneys for Defendants
15                                              PFIZER INC., PHARMACIA
                                                CORPORATION, AND G.D. SEARLE
16                                              LLC

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**JURY DEMAND**

2    Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  August 13, 2008                    GORDON & REES LLP

6

7                                     By:_____/s/_____

8                                     Stuart M. Gordon
                                      sgordon@gordonrees.com
9                                     Embarcadero Center West
                                      275 Battery Street, 20th Floor
10                                    San Francisco, CA 94111
                                      Telephone: (415) 986-5900
11                                    Fax: (415) 986-8054

12  August 13, 2008                    TUCKER ELLIS & WEST LLP

13

14                                    By:_____/s/_____

15                                    Michael C. Zellers
                                      michael.zellers@tuckerellis.com
16                                    515 South Flower Street, Suite 4200
                                      Los Angeles, CA 90071-2223
17                                    Telephone: (213) 430-3400
                                      Fax: (213) 430-3409

18                                    Attorneys for Defendants
                                      PFIZER INC., PHARMACIA
19                                    CORPORATION, AND G.D. SEARLE
                                      LLC
20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111